UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JASON THOMAS                                          CIVIL ACTION

VERSUS                                                      NO. 20-298

DARRYL VANNOY, ET AL.                        SECTION "R" (2)

### **ORDER AND REASONS**

Petitioner Jason Thomas petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing § 2254 Cases, the Court referred the matter to Magistrate Judge Donna Phillips Currault.  On July 26, 2020, Magistrate Judge Currault granted Thomas's unopposed motions to stay the federal habeas proceedings to allow him to exhaust state-court review of a portion of his claim for ineffective assistance of trial counsel, which was then pending before the Louisiana Supreme Court.[2]  On November 4, 2020, the Magistrate Judge reopened the case after petitioner represented that he had fully exhausted his ineffective-assistance-of-counsel claim with the Louisiana Supreme Court.[3]  *See Thomas v. State*, 301 So. 3d

---

[1]     R. Docs. 5 & 28.
[2]     R. Doc. 22.
[3]     R. Docs. 23 & 27.

1183 (La. 2020).  The Magistrate Judge also granted Thomas leave to file a supplemental habeas petition that supplemented his previously unexhausted ineffective-assistance-of-counsel claim.[4]  In response, the State asserted that petitioner's original and supplemental petitions should be dismissed as untimely, and that portions of Thomas's ineffective-assistance-of-counsel claim remain unexhausted.[5]

On August 6, 2021, Magistrate Judge Currault issued a Report and Recommendation ("R&R"), finding that petitioner's claims were barred by the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1)(A).[6] Magistrate Judge Currault further found that petitioner was not entitled to statutory or equitable tolling, and could not make out a claim of actual innocence.[7]  Accordingly, Magistrate Judge Currault recommended dismissing Thomas's petition with prejudice.[8]  Alternatively, she recommended that Thomas's petition be dismissed without prejudice for failure to exhaust state-court review as to specific aspects of his ineffective-assistance-of-counsel claim.[9]  Thomas filed objections to the R&R, arguing

---

[4]    R. Doc. 27.

[5]    R. Doc. 39.

[6]    R. Doc. 47 at 13-25.

[7]    *Id.* at 16-24.

[8]    *Id.* at 24-25.

[9]    *Id.* at 29.

that he is entitled to statutory tolling and that he has properly exhausted his claims in state court.[10]

The Court has reviewed *de novo* the record, the applicable law, and Thomas's objections.  For the following reasons, the Court adopts the R&R, as modified herein, as to its recommendation that the Court deny Thomas's petition without prejudice for failure to exhaust, unless Thomas chooses to amend his petition to dismiss his unexhausted claim.  The Court does not adopt the R&R's recommendation to dismiss with prejudice Thomas's petition as time-barred.

## I.   DISCUSSION

The Court applies *de novo* review to the parts of the R&R to which petitioner objected.  Fed. R. Civ. P. 72(b)(3).  The Court is limited to plain-error review of any part of the R&R not subject to petitioner's objection. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

---

[10]     R. Doc. 52-3.

Thomas does not object to Magistrate Judge Currault's finding that he is not entitled to tolling of the limitations period based on equitable tolling or a showing of actual innocence.[11]  As to these findings, the Court finds no clear error and adopts these sections of the R&R as its opinion.  Thomas does object to Magistrate Judge Currault's findings that (1) he is not entitled to statutory tolling of the statute of limitations, and (2) he failed to exhaust state court review of part of his ineffective assistance of counsel claim.[12]  The Court addresses each objection in turn.

## A.    Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for state prisoners seeking federal habeas corpus relief.  28 U.S.C. § 2244(d)(1).  That one-year period runs from the latest of four triggering events including, as relevant here, "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2244(d)(1)(A).  The Fifth Circuit has instructed that a judgment becomes final "ninety days after the [state's] highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court."  *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing

---

[11]    R. Doc. 52-3 at 3-8.

[12]    *Id.* at 3-16.

*Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003)).  But the statute of limitations period is interrupted during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  An application is considered "properly filed" if its "delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).  And an application is considered "pending" for "as long as the ordinary state collateral review process is 'in continuance.'"  *Leonard v. Deville*, 960 F.3d 164, 168 (5th Cir. 2020) (quoting *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002)).

The Court must determine whether Thomas is entitled to statutory tolling based on the above law and the timeline of his case.  On May 8, 2015, Thomas was convicted by a Jefferson Parish jury of two counts of second-degree murder, in violation of Louisiana Revised Statute § 14:30.1.  *State v. Thomas*, 192 So. 3d 291, 294 (La. App. 5 Cir. 2016).  Thomas was sentenced to two consecutive life sentences without the benefit of probation, parole, or suspension.  *Thomas*, No. 1400269, 2015 WL 12850523, at *1 (La. Dist. Ct. May 28, 2015).  His conviction and sentence were affirmed by the Louisiana Fifth Circuit Court of Appeal on May 12, 2016.  *Thomas*, 192 So. 3d at 291.

On May 19, 2017, the Louisiana Supreme Court denied Thomas's writ application in a one-word denial. *State v. Thomas*, 219 So. 3d 335 (La. 2017) (mem.). Thomas did not file a petition for a writ of certiorari to the United States Supreme Court. Accordingly, Thomas's conviction became "final" on August 17, 2017, ninety days after the Louisiana Supreme Court entered its judgment. *Butler*, 533 F.3d at 317; 28 U.S.C. § 2244(d)(1)(A). Under the AEDPA, Thomas's one-year statute of limitations began to run the next day.

On August 17, 2018, one day before his federal statute of limitations was set to elapse, Thomas tolled the limitations period by filing his first state post-conviction application with the state district court. [13] Thomas thus had one day left in the statute of limitations to file his federal habeas petition. On December 3, 2018, the state trial court denied Thomas's application. Thomas then filed several appeals with the Louisiana Fifth Circuit, and on April 15, 2019, the court affirmed the trial court's denial of post-conviction relief. Under Louisiana Supreme Court Rule X, § 5, petitioner had thirty days to appeal the Fifth Circuit's denial of his post-conviction relief. La. Sup. Ct. R. X, § 5. Petitioner did not file a writ application with the Louisiana Supreme Court until thirty-four days later, on May 20, 2019. Despite the untimeliness of the writ application, the Louisiana Supreme Court

---

[13]     R. Doc. 5 at 7.

considered his petition on the merits, and denied Thomas his requested relief on January 14, 2020. *State v. Thomas*, 286 So. 3d 1045 (2020) (per curiam).

Thomas objects to the Magistrate Judge's findings as to when the AEDPA's statute of limitations was statutorily tolled, and relatedly, when it began to run again in his case. These objections turn on the question of whether the period from May 15, 2019, when the thirty-day window for filing a writ with the Louisiana Supreme Court closed, until May 20, 2019, the date on which Thomas filed his writ application to the Louisiana Supreme Court, qualifies under the AEDPA's relevant statutory tolling provision as "time during which a properly filed application for State post-conviction . . . review . . . is pending," and thus continued to toll the statute of limitations for his federal habeas petition. 28 U.S.C. § 2244(d)(2); *Grillette v. Warden, Winn Corr. Ctr.*, 372 F.3d 765, 770-71 (5th Cir. 2004). In order to answer this question, the Court must determine whether during the relevant time period petitioner's application was as an initial matter "properly filed," and secondly, that it remained "pending." *See Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004) (distinguishing between the inquiries of "properly filed" and "pending").

First, petitioner objects to the Magistrate Judge's finding that his application for state post-conviction relief was not "properly filed" with the

Louisiana Supreme Court.[14]  Magistrate Judge Currault held that Thomas's "state post-conviction application remained pending from its [initial] filing on August 17, 2018, through May 15, 2019, when Thomas did not timely file a writ with the Louisiana Supreme Court within the required thirty[ ]days of the Louisiana Fifth Circuit's April 15, 2019 ruling."[15]  The Magistrate's holding was based on her conclusion that a writ application that runs afoul of Louisiana Supreme Court Rule X, § 5's timeliness requirement is not considered "properly filed" within the meaning of section 2244(d)(2).[16]  In his objections, Thomas asserts that the requirement that an application be "properly filed" applies to the moment when the action is commenced in the trial court and does not apply to subsequent appeals.[17]  He asserts that the only requirement applicable to an appeal is that the case remaining "pending."[18]  Thomas thus argues that it is "of no importance that [his] writ application was filed late," and that his application nonetheless remained pending, because the Louisiana Supreme Court proceeded to rule on the merits of his application.  If Thomas is correct that his post-conviction application remained "pending" during this period, then the AEDPA's one-

---

[14]     R. Doc. 52-3 at 5-7.

[15]     R. Doc. 47 at 18.

[16]     R. Doc. 52-3 at 5-6 (citing R. Doc. 47 at 19).

[17]     *Id.* at 4.

[18]     *Id.*

year statute-of-limitations period would remain tolled until the Supreme Court denied Thomas's petition on January 14, 2020.[19]

A court's determination of whether an application was "properly filed" for purposes of tolling the statute of limitations focuses only on the petitioner's initial filing in the state trial court. Once it is determined that an application was "properly filed" in the state trial court, the only remaining inquiry for tolling purposes whether the application remained "pending." *See Leonard*, 960 F.3d at 170, 172-73 (noting that limiting the "properly filed" inquiry to focus only on the initial habeas application would "honor the text of § 2244(d)(2), which refers only to a single habeas 'application,' and not to multiple 'applications' throughout the habeas process); *Staden v. Poret*, 834 F. App'x 976, 977 (5th Cir. 2021) (per curiam) (reversing the lower court's "erroneous" finding that petitioner's appeal was not "properly filed" because it was untimely, and instead holding there was "nothing to indicate that [petitioner's] application was not 'properly filed' in the Louisiana trial court"); *see also Hizbullahankhamon v. Walker*, 255 F.3d 65, 71 (2d Cir. 2001) ("Once a court determines that the initial application was 'properly filed,' the 'properly filed' inquiry comes to an end; the only remaining

---

[19]     *Id.* at 7.

question is when further appellate review of the initial application becomes unavailable.").

Here, as in *Staden*, there is nothing in the record to suggest that Thomas's initial application to the Louisiana trial court was not "properly filed."   The timeliness of Thomas's subsequent filings and appeals is irrelevant to this determination.   Accordingly, the Court finds that petitioner's objection is meritorious, and does not adopt the Magistrate's finding that Thomas's untimely writ application to the Louisiana Supreme Court renders his habeas petition not "properly filed" for the purposes of statutory tolling.

Next, petitioner submits that, not only was his application "properly filed," but that it remained "pending" until the Louisiana Supreme Court denied his application on January 14, 2020.[20]  Because the Magistrate Judge concluded that Thomas's state post-conviction application was not "properly filed" with the Louisiana Supreme Court and therefore did not toll the statute of limitations, she did not reach the question of whether Thomas's application was "pending" between May 16 and 20, 2019.  A state post-conviction application is considered "pending" for tolling purposes "on the day it is filed through (and including) the day it is resolved . . . because a state

---

[20]     *Id.* at 6.

court can render judgment on the petition at any point during this period."

*Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009).  With regard to

the pendency requirement during the appeals process, the Fifth Circuit has

explained that:

> [a] state post-conviction application remains "pending"—thus tolling the one-year period—"during the interval between a state trial court's disposition of the habeas application and the applicant's 'timely filing of a notice of appeal (or petition for review) in the next court.'" . . . . The negative implication from this rule is plain: if a prisoner fails to *timely* seek appellate review of the denial of his post-conviction application, then his application is no longer "pending" and ceases to have tolling effect for purposes of § 2244(d)(2).

*Leonard*, 960 F.3d at 170 (internal citations omitted).  Thus, if a petitioner

fails to timely seek appellate review, he no longer has an application

"pending" in state court.

In the context of an untimely appeal, it is established that "an

unambiguous ruling by the state court that a post-conviction relief

application is untimely, regardless of whether the state court nonetheless

reached the merits, ends [the court's] inquiry, because a state application

ceases to be pending when the time for appellate review expires."  *Grillette*,

372 F.3d at 771 (citing *Carey*, 536 U.S. at 225-26).  Accordingly, the Supreme

Court has cautioned that courts may not look to a state court's decision to

address the merits of a petition as "an absolute bellwether" on the timeliness

question.  *See Carey*, 536 U.S. at 225-26 (noting that there are "many plausible" reasons why a "court will sometimes address the merits of a claim that it believes was presented in an untimely way").

But in cases, such as this one, in which the state supreme court did not unambiguously hold that a petition was untimely, the federal court must determine whether the state supreme court "exercised its supervisory jurisdiction and considered the merits [of the petition], thereby 'convert[ing] an untimely and unsuccessful application into one that would be considered timely filed for the purpose of tolling limitations under AEDPA.'" *Lee v. Cain*, No. 08-5180, 2009 WL 3319670, at *5 (E.D. La. Oct. 13, 2009), *aff'd* 397 F. App'x 102 (5th Cir. 2010) (citing *Williams*, 217 F.3d at 308 n.6); *cf. Jimenez v. Quarterman*, 555 U.S. 113, 115-20 (2009) (holding that when "a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review," his judgment is not "final" until the conclusion of the out-of-time appeal).  In determining whether a state court has exercised its discretion to review an untimely application, and thereby maintain the case's pending status, the Fifth Circuit has looked to whether the state appellate court "consider[ed] the merits" of the writ application, and relatedly, whether the court stated that the application was untimely. *Leonard*, 960 F.3d at 171 (citing *Grillette*, 372 F.3d at 775); *see also Williams*

12

*v. Cain*, 217 F.3d 303, 309-11 (5th Cir. 2000) (holding that a petitioner's application ceased to be pending when he failed to comply with Louisiana Supreme Court Rule X, § 5 considering, in part, that there was "no evidence suggest[ing] that the Louisiana Supreme Court considered Williams's untimely application for a supervisory writ on the merits").

Here, the Louisiana Supreme Court's order did not state or otherwise indicate that Thomas's May 20, 2019 writ application was untimely, and instead ruled on the merits of his ineffective-assistance-of-counsel claim. The January 14, 2020 ruling states: "Denied.  Applicant fails to show that he received ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984)." *Thomas*, 286 So. 3d at 1045.  Although the Louisiana Supreme Court's consideration of the merits of Thomas's application "cannot by [itself] indicate that the petition was timely," *Carey*, 536 U.S. at 225-26, the court's omission of any reference to the untimeliness of the application does indicate that it provided Thomas with an implicit extension of his appeal period.  *Cf. Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006) (holding in the direct appeal context that "the Louisiana Supreme Court likely treated [petitioner's] application as timely," given that "when the denial of an application is based on untimeliness, Louisiana courts routinely and

unmistakably indicate so in their opinions" (citing *Grillette*, 372 F.3d at 775)).

The Louisiana Supreme Court's failure to mention the untimeliness of Thomas's application thus distinguishes this case from others where the state court considered the merits, but also explicitly noted that the petition was untimely. *Compare Melancon*, 259 F.3d at 403 (observing that the state appellate court "considered the merits" but also "suggested that [petitioner's] application was untimely"); *Leonard*, 960 F.3d at 172 (finding that petitioner had a pending application beyond the thirty-day appeal window when the court, unlike in *Melancon*, "did not suggest that Leonard's writ application was untimely"); *Sutton v. Cain*, 722 F.3d 312, 319 (5th Cir. 2013) (finding that the Louisiana Supreme Court's statement that petitioner's "motion to file an *out-of-time* petition for writ of certiorari [is] denied," along with its statement that the "application lacked merit" did not constitute an adjudication on the merits such that petitioner's habeas petition would have been timely); *Carey*, 536 U.S. at 225-26 (concluding that the absence of a clear ruling from the California Supreme Court that a petition was untimely, the  Court was unable to say "that the Ninth Circuit was wrong in its ultimate conclusion" that the state court considered the petition to be timely).

The Court thus finds that the Louisiana Supreme Court's decision supports a finding that the court exercised its supervisory jurisdiction and considered the merits of Thomas's untimely application. Because the court addressed the merits of Thomas's ineffective-assistance-of-counsel claim, and made no reference to its untimeliness, the court's decision converted Thomas's "untimely writ application into one which should be considered timely for purposes of tolling prescription." *Lee*, 2009 WL 3319670, at *5 (holding that an application was "pending" for purposes of interrupting prescription based on the Louisiana Supreme Court's ambiguous majority opinion coupled with a dissent that "makes no reference to the alleged untimeliness of [petitioner's] writ application, but rather, addresses the merits of [petitioner's] claim"). Accordingly, the Court finds that Thomas's application was "pending" for purposes of interrupting the one-year statute of limitations.

Thomas's AEDPA limitations period was thus tolled until January 14, 2020 when the Louisiana Supreme Court denied his writ application. Moreover, Thomas filed a second application for state post-conviction relief on May 20, 2019, contemporaneously with his writ application to the Louisiana Supreme Court on his first state petition. Thomas's second application was "properly filed," and interrupts the running of the AEDPA's

prescription period, even though it was denied by the state courts as a successive application under Louisiana Code of Criminal Procedure article 930.4. *See Hall v. Cain*, 216 F.3d 518, 520 (5th Cir. 2000). His AEDPA statute-of-limitations period thus remained tolled by virtue of this filing which remained "pending" until it was eventually denied by the Louisiana Supreme Court on September 23, 2020. *Thomas v. State*, 301 So. 3d 1183 (La. 2020) (mem.). Finally, Thomas's limitations period never again commenced, because he filed his federal habeas petition on January 28, 2020, while the properly filed second state petition remained pending.[21] Accordingly, the Court concludes that Thomas's federal habeas petition was timely under section 2244(d)(1), and therefore finds merit in petitioner's objection to the Magistrate Judge's finding that his petition is time-barred by the statute of limitations. *See* Fed. R. Civ. P. 72(b)(3).

## B.        Exhaustion

Magistrate Judge Currault alternatively recommended that, if this Court finds that Thomas's petition was timely filed, his petition should be dismissed without prejudice for failure to exhaust part of his ineffective-

---

[21]        R. Doc. 5.

assistance-of-counsel claim, unless petitioner amends or dismisses his unexhausted claim.[22]  Petitioner objects to this aspect of the R&R as well.

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).  To satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal claim "to the highest state court," even when review by that court is discretionary.  *Id.*; *Wilson v. Foti*, 832 F.2d 891, 893-94 (5th Cir. 1987).  The substance of a claim is fairly presented only when the applicant presents his claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).  Further, the federal claim must be the "substantial equivalent" of the claim presented to the state courts to satisfy the "fairly presented" requirement.  *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).  "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id.*  In sum, Thomas must have "fairly presented" to the state courts, including the Louisiana Supreme Court, in a procedurally

---

[22]     R. Doc. 47 at 29.

proper manner, the same legal and factual claims that he asserts in his federal petition.

In cases analyzing the exhaustion of distinct assistance-of-counsel-claims, the Fifth Circuit "has treated each claim separately," and "performed an independent exhaustion analysis for each." *Wilder v. Cockrell*, 274 F.3d 255, 261 (5th Cir. 2001); *see also Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This Court has consistently held that a federal habeas petitioner has failed to exhaust his state remedies when he . . . makes the same legal claim to a federal court but supports the claim with factual allegations that he did not make to the state courts."). For example, in *Jones v. Jones*, 163 F.3d 285 (5th Cir. 1998), the Fifth Circuit "performed an independent exhaustion analysis for each of five distinct ineffective assistance claims." *Id.* at 296-98.

Thomas asserts in his initial federal habeas petition that he received ineffective assistance of counsel when his trial attorney failed to interview "potential defense witnesses Danita Brock, Glenn Lemon, Detective Gai, and co-defendant Garard Achelles."[23]   Thomas further asserts in his supplemental petition that he received ineffective assistance when his trial counsel failed to call a favorable witness, Lemon, based on Lemon's affidavit,

---

[23]   R. Doc. 5 at 39-40.

which petitioner contends is "newly discovered" evidence that is "material and exculpatory."[24]  The Magistrate Judge found that Thomas had fully litigated in the state courts his claim of ineffective assistance of counsel "arising from or related to Lemon's affidavit," but that he "did not specifically present to the Louisiana Supreme Court the portion of this argument that relates to potential defense witnesses Brock, Gai, and Achelles."[25]  In his objections, Thomas does not dispute that he failed to present to the Louisiana Supreme Court his claim for ineffective assistance of counsel as it relates to his attorney's alleged failure to interview Brock, Gai, and Achelles.[26]  Instead, he argues that it is undisputed that he exhausted his claim in the context of his attorney's failure to call one witness—Lemon—and that his failure "to specify the potential defense value of one witness or another" does not means that he failed to exhaust his claims in the state courts.[27]

Here, the Court finds that petitioner has not "fairly presented" the substance of his ineffective-assistance-of-counsel claim based on his attorney's alleged failure to call or investigate Brock, Gai, and Achelles as

---

[24]   R. Doc. 28 at 6.

[25]   R. Doc. 47 at 26-27.

[26]   R. Doc. 54 at 9-10.

[27]   *Id.* at 10.

favorable witnesses. Petitioner's exhaustion of his ineffective-assistance-of-counsel claim as it relates to his attorney's failure to investigate an affidavit from one witness does not remedy his failure to do so as it relates to these other witnesses. It is no matter that Thomas is making the same legal claim of ineffective assistance of counsel; the factual allegations that he asserts in support of this claim in state court were different than the ones he now seeks to rely on in federal court. *See Sam v. Louisiana*, 409 F. App'x 758, 764 (5th Cir. 2011) (per curiam) (finding that petitioner had failed to exhaust his claim because he relied, in part, on "a new set of facts" and "legal theor[ies] for ineffective assistance of counsel" that "were not before the state courts"). Further, the Lemon affidavit, which petitioner relies on to support his ineffective-assistance-of-counsel claim based on his attorney's failure to call Lemon, is distinct in form and substance from the evidence in the record about his counsel's failure to call Brock, Gai, and Achelles. *See Frazier v. Dretke*, 145 F. App'x 866, 873-74 (5th Cir. 2005) (per curiam) (holding that petitioner's ineffective-assistance-of-counsel claim was not exhausted because he presented a "different evidentiary basis for his federal claim"). Accordingly, the Court finds that Thomas did not completely exhaust his ineffective-assistance-of-counsel claim regarding his trial counsel's alleged failure to investigate or call defense witnesses Brock, Gai, and Achelles.

Under Supreme Court precedent, a mixed habeas petition that includes both exhausted and unexhausted claims must be dismissed without prejudice to allow for complete exhaustion.  *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)); *see also Whitehead*, 157 F.3d at 387 ("A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20))).   But the Supreme Court has also made clear that a petitioner can avoid dismissal of his mixed petition if he chooses to amend his petition to dismiss the unexhausted claims and to instead proceed with only the exhausted claims. *Pliler*, 542 U.S. at 233.  The Court has also addressed the availability of a stay-and-abeyance in connection with mixed habeas petitions, but "only in limited circumstances" and only upon a finding that there was "good cause" for petitioner's failure to exhaust.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Having found that Thomas's petition included both exhausted and unexhausted claims, the Magistrate Judge determined that Thomas's habeas petition is a "mixed petition," subject to dismissal without prejudice to allow for the complete exhaustion.[28]  Alternatively, she noted that Thomas could

---

[28]   R. Doc. 47 at 27.

amend or dismiss his unexhausted claim related to his counsel's alleged failure to investigate or call Brock, Gai, and Achelles as potential defense witnesses.[29]    The R&R notified Thomas that he could dismiss his unexhausted claim and proceed with only his exhausted claims by filing an amended petition within fourteen days of being served with the R&R.[30] Further, Magistrate Judge Currault found that a stay-and-abeyance is not appropriate because of petitioner's failure to exhaust his claims in state court during the Magistrate Judge's previously issued stay in this matter.[31]

In his objections, Thomas requests leave to amend his petition if the Court finds a lack of exhaustion.[32]   Thomas does not request a stay-and-abeyance, nor does he object to the Magistrate Judge's finding that he has not shown "good cause" for his failure to exhaust this claim in state court. Thomas has not filed an amended petition removing his unexhausted claim within the required timeline set forth in the R&R, and instead asserts that he has "the right to object to the Magistrate's [R&R] in its entirety *and* seek subsequent leave to amend" if the Court does not adopt petitioner's objections.[33]

---

[29]    *Id.*
[30]    *Id.* at 29.
[31]    *Id.*
[32]    R. Doc. 52-3 at 10-14.
[33]    *Id.* at 14.

Despite Thomas's failure to amend his petition within the fourteen days provided by the Magistrate Judge, the Court finds it appropriate here to grant Thomas's request to dismiss the unexhausted claim and to permit him to proceed only on the exhausted claims. The Court recognizes that dismissing Thomas's petition without prejudice, as the Magistrate Judge recommends, would effectively preclude federal review of his claims because any subsequent petition would be barred by the one-year limitations period in section 2244(d). Under these circumstances, to "prevent a dismissal without prejudice for failure to exhaust from effectively acting as a dismissal *with* prejudice," *Hennagir v. Gusman*, No. 05-249, 2008 WL 1924123, at *4 (E.D. La. Apr. 29, 2008), courts should allow a petitioner to withdraw the unexhausted claims and litigate the exhausted claims properly before the court, *see Rhines*, 544 U.S. at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."). Accordingly, the Court grants Thomas's request to amend his habeas petition to withdraw the unexhausted claim of ineffective assistance of trial counsel for failure to "interview . . . potential defense

witnesses Danita Brock, . . . Detective Gai, and co-defendant Garade Achelles."[34]  The Court will allow Thomas fourteen (14) days from the entry of this order to amend his federal habeas petition by withdrawing the unexhausted claim.  Petitioner may maintain all of his other claims in his petition and amended petition, as they have been fully exhausted.  If Thomas timely amends his petition, his amended petition shall be submitted to the Magistrate Judge for review of the merits of petitioner's unexhausted claims.

The Court will refrain from issuing or denying a Certificate of Appealability until rendering a final order in this case.  *See United States v. Morris*, 229 F. App'x 308, 309 (5th Cir. 2007) (finding that, because the district court did not issue a final order on all of the petitioner's habeas claims, the order denying some of his claims was not a final order, and appellate jurisdiction did not exist); *James v. Butler*, No. 10-1903, 2011 WL 6819020, at *1 (E.D. La. Dec. 28, 2011) (refraining from issuing or denying a Certificate of Appealability when the case was remanded to the Magistrate Judge for review of petitioner's exhausted claims).

---

[34]    R. Doc. 5 at 5.

## II.   CONCLUSION

For the foregoing reasons, the Court SUSTAINS petitioner's objections to the Magistrate Judge's R&R.

The Court further GRANTS Thomas's motion[35] for leave of Court to amend his petition only to withdraw the unexhausted claim.  Petitioner is granted fourteen (14) days from the date of this order to amend his petition.  Failure to timely amend the petition will result in dismissal with prejudice.

New Orleans, Louisiana, this   24th   day of May, 2022.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[35]   R. Doc. 52-3 at 15.