UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON THOMAS | CIVIL ACTION |
| VERSUS | NO. 20-0298 |
| WARDEN DARRYL VANNOY | SECTION "R" (2) |

## ORDER

Before the Court is Jason Thomas's petition for habeas corpus relief under 28 U.S.C. § 2254.[1] Magistrate Judge Donna Phillips Currault issued a Report and Recommendation ("R&R"), recommending that Thomas's petition be dismissed with prejudice.[2] Thomas filed objections to the R&R.[3]

The Court applies *de novo* review to the parts of the R&R to which petitioner objected. Fed. R. Civ. P. 72(b)(3). The Court is limited to plain-error review of any part of the R&R not subject to a proper objection. *Starns v. Andrews*, 524 F. 3d 612, 617 (5th Cir. 2008). The Court has reviewed the petition, the record, the applicable law, the Magistrate Judge's R&R,[4] and Thomas's objections under the applicable standards. For the following reasons, the Court overrules Thomas's objections and dismisses the petition.

---

[1] R. Doc. 56.
[2] R. Doc. 69.
[3] R. Doc. 70.
[4] R. Doc. 69.

1

Magistrate Judge Currault recommended dismissing the petition with prejudice in her R&R.  Thomas asserted the four following claims: (1) that he was denied effective assistance when his appellate counsel failed to raise a preserved Confrontation Clause claim and failed to raise a prosecutorial misconduct claim relating to Thomas's pretrial silence, (2) that prosecution suborned perjury through the testimony of its investigator, (3) that the prosecution committed misconduct when the prosecutor commented on Thomas's post-arrest silence and relied on perjured testimony, and (4) that Thomas was denied effective assistance of trail counsel when (a) he failed to move for a mistrial, (b) failed to prepare a full defense, and (c) failed to call Glenn Lemon as a witness.[5]  Magistrate Judge Currault recommended finding the prosecutorial misconduct claims, claims (2) and (3), and the ineffective assistance of trial counsel claim, claim 4(c), procedurally barred because the last reasoned decision adjudicating those matters in the state court systems rested on independent and adequate state law grounds.[6]  She recommended finding the remaining ineffective assistance of trial and appellate counsel claims, claims (1) and (4)(a) and (b), substantively barred because Thomas failed to demonstrate either prong of the *Strickland v.*

---

[5]   R. Doc. 69 at 2–3.
[6]   *Id.* at 15–29.

2

*Washington*, 466 U.S. 668 (1984), test for establishing ineffective assistance of trial counsel or appellate counsel.[7]

Thomas objected on three points. He first argues that his ineffective assistance of trial counsel claim relative to Glenn Lemon is not procedurally barred because the Louisiana Fifth Circuit's February 4, 2020, judgment is the last reasoned decision on the matter.[8] He further argues that, because this decision was decided on the merits and not a procedural bar, it is not procedurally barred.[9] Second, Thomas argues that he can show cause and prejudice for his failure to raise prosecutorial misconduct claims on direct appeal, allowing these claims to be resurrected from the procedural bar on habeas.[10] Third, Thomas objects to two points related to his ineffective assistance of counsel claim, stating (1) that the prosecution's challenged questions on cross-examination violated *Doyle v. Ohio*, 426 U.S. 610 (1976) and (2) that Thomas's appellate counsel should have appealed the one objection made by trial counsel in the applicable exchange.[11] These objections are meritless.

---

[7]   *Id.* at 29–56.
[8]   R. Doc. 70 at 3–8.
[9]   *Id.* at 8.
[10]  *Id.* at 8–10.
[11]  *Id.* at 10–13.

Thomas's first argument, that the Louisiana Fifth Circuit's judgment is the last reasoned decision, is incorrect. The Louisiana Supreme Court's subsequent September 23, 2020, judgment is the last reasoned decision in the matter.[12] The Louisiana Supreme Court decision, though short, did not leave its reasoning "unexplained." *See Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (stating that an "unexplained order . . . mean[s] an order whose text or accompanying opinion does not disclose the reason for the judgment"). The Louisiana Supreme Court denied Thomas's writ application stating, "Applicant has previously exhausted his right to state collateral review and fails to show that any exception permits his successive filing. *See State v. Thomas*, 19 0880 (La. 1/14/20), 286 So.3d 1045." *Thomas v. State*, 301 So. 3d 1183 (La. 2020). In ruling on Thomas's first state court petition, the Louisiana Supreme Court denied Thomas's claim for ineffective assistance of counsel because Thomas failed to meet the standard laid out in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Thomas*, 286 So. 3d 1045 (La. 2020). Additionally, the Louisiana Supreme Court noted the matter is deemed fully litigated and final, and that Thomas must therefore satisfy the narrow exception under La. Code Crim. Proc. art 930.4. should he attempt to submit a second application. *Id.* Because the Louisiana Supreme

---

12   R. Doc. 69 at 14.

4

Court stated its reasons for denying Thomas's subsequent writ application, the September 23, 2020, judgment is the last reasoned decision on the Glenn Lemon matter.

Thomas's second argument, that he can demonstrate cause and prejudice for failing to raise prosecutorial misconduct claims on appeal,[13] fails. An exhausted ineffective assistance of appellate claim could be cause for his default on the underlying prosecutorial misconduct claim. "[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 566 U.S. 1, 18 (2012). However, as adequately addressed in the R&R, Thomas's ineffective assistance of counsel claim is meritless,[14] and thus it does not establish cause.

Thomas's third objection, that one of the prosecution's questions to which his counsel objected violated *Doyle* and that his appellate counsel should have appealed the overruling of the objection,[15] fails. *Doyle* held that using silence to impeach violated the Due Process Clause of the Fourteenth Amendment. *Doyle*, 426 U.S. at 619. The Supreme Court later held that

---

13   R. Doc. 70 at 8–10.
14   *See* R. Doc. 69 at 24–27.
15   R. Doc. 70 at 11–12.

*Doyle* does not apply when a prosecutor's questions are meant to elicit an explanation for a prior inconsistent statement even if that question "involve[s] 'silence.'" *Anderson v. Charles*, 447 U.S. 404, 408–409 (1980) (holding there was no *Doyle* violation where the prosecution's questioning did "not refe[r] to the [respondent's] exercise of his right to remain silent; rather [it asks] the [respondent] why, if [his trial testimony] were true, he didn't tell the officer" the truth at the outset (alterations in original)).

*Doyle* does not apply to the exchange cited by Thomas. Thomas's trial counsel objected to one question asked by the prosecutor: "[A]m I correct in saying that the first time that anyone with the DA's office or any police officer heard you say that you had an alibi was here in this courtroom today?"[16] Defense objected to this question because "[t]he jury doesn't understand that the DA and the police cannot speak to him without" going through his attorney, so "the jury's not going to understand that there's attorney-client privilege [and] that that [information] could never have been communicated except through" the attorneys.[17] The prosecutor defended his question, stating that it was in response to Thomas's direct examination, in which he

---

16    St. R. Vol. 11 of 15, p. 1637, Trial Tr., 5/8/15.
17    *Id.*

6

was asked if he told police a different false alibi.[18] There was no objection made over or reference to a question alluding to post-arrest silence.

Additionally, as outlined in the R&R,[19] Thomas's appellate counsel's failure to raise this objection on appeal does not fall below *Strickland*'s reasonableness standard.  Because *Doyle* "does not cover a prosecutor's attempt to use the conversations between a defendant and his counsel," *Clark v. Epps*, 359 F. App'x 481, 485 (5th Cir. 2009), raising this issue on appeal would have been meritless.

All of petitioner's objections are overruled.  Petitioner does not object to the Magistrate Judge's findings that claims 4(a) and (b) are barred.  As to these findings, the Court finds no plain error.  The Court adopts the R&R as its opinion.  For the reasons stated in the R&R and this Order, the Court dismisses Thomas's habeas petition.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A court may issue a certificate

---

[18]  *Id.* at 1637–38.
[19]  R. Doc. 69 at 55–56.

7

of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 475 (2000)). For the reasons stated in this Court's Order and in Magistrate Judge Currault's R&R, the Court finds that Thomas's petition fails to satisfy this standard. The Court does not issue a certificate of appealability.

For the foregoing reasons, the Court DISMISSES WITH PREJUDICE Thomas's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254. The Court does not issue a certificate of appealability.

New Orleans, Louisiana, this  20th  day of November, 2024.

                                                        *Sarah Vance*
                                         SARAH S. VANCE
                             UNITED STATES DISTRICT JUDGE